**Agostin MINJOLLA, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General, Respondent.**

No. 06–4768–ag.

United States Court of Appeals, Second Circuit.

April 6, 2007.

Aleksander Milch, New York, NY, for Petitioner.

Thomas A. Marino, United States Attorney for the Middle District of Pennsylvania, Melissa A. Swauger, Assistant United States Attorney, Harrisburg, Pa, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. CHESTER J. STRAUB, Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Petitioner Agostin Minjolla, a native and citizen of Albania, seeks review of a September 19, 2006 order of the BIA adopting, in part, the March 10, 2005 decision of Immigration Judge ("IJ") George T. Chew denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture. *In re Agostin Minjolla*, No. A97 980 286 (B.I.A. September 19, 2006), *aff'g* No. A97 980 286 (Immig. Ct. N.Y. City March 10, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case

When the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). Further, when the BIA adopts the decision of the IJ and supplements that decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). Accordingly, because the BIA in this case affirmed the majority of the IJ's

opinion and added an additional ground for the denial, the Court reviews the IJ's decision, as modified and supplemented by the BIA's decision. *See Xue Hong Yang*, 426 F.3d at 522.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

■ Here, the IJ's adverse credibility determination is not supported by substantial evidence. First, the IJ mischaracterized the record and the background materials in concluding that Minjilla did not present credible evidence of the existence of the Human Rights Union Party ("HRUP"). The background materials contained the 2003 United States Department of State Country Report on Human Rights Practices, which did, in fact, confirm that the HRUP was a recognized political party in Albania. Thus, the IJ erred by supporting his adverse credibility determination with a finding that there was no evidence that HRUP existed and the BIA erred in upholding that finding. *See Latifi v. Gonzales*, 430 F.3d 103, 105–06 (2d Cir.2005)(remanding where the IJ misstated the facts as demonstrated by the background materials).

Second, the IJ misstated language in the medical documentation by concluding that a "fracture of head" was the same thing as a "fractured skull," and then relied on this mischaracterization in discrediting Minjolla's testimony by finding that he failed to specifically mention his "fractured skull." This conclusion, too, is based on an inaccurate perception of the record. *See Latifi*, 430 F.3d at 104–05.

Third, with respect to the inconsistent dates on the HRUP documents, the IJ failed to address Minjolla's explanation that the documents were from different branches of the HRUP and represented his membership in those separate locations. Although the agency may rely on a dramatic inconsistency without first soliciting an explanation from the applicant, *see Majidi v. Gonzales*, 430 F.3d 77, 81 (2d Cir.2005), the agency may not rest an adverse credibility finding on a non-dramatic inconsistency without first putting the applicant on notice and giving the applicant a chance to reconcile the testimony, *see Ming Shi Xue v. BIA*, 439 F.3d 111, 125 (2d Cir.2006); *Zhi Wei Pang v. BCIS*, 448 F.3d 102, 109–10 (2d Cir.2006). The agency's failure to provide a reasoned evaluation of an applicant's explanations for discrepancies may require remand in certain circumstances. *See Latifi*, 430 F.3d at 105; *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 403 (2d Cir.2005). "[W]here it is not apparent on the face of the record that the [agency] has considered the applicant's responses to the [agency's] credibility concerns, we . . . require the [agency] to say enough to allow us to understand, and to review, the reasons for rejecting the applicant's testimony." *Pavlova v. INS*, 441 F.3d 82, 89–90 (2d Cir.2006). Here, because there is no evidence to suggest that the IJ considered Minjolla's explanation for the date discrepancies regarding his HRUP membership, the IJ's reliance on the discrepancy in finding Minjolla not

credible was in error. *Latifi*, 430 F.3d at 105.

Thus, because the IJ mischaracterized key portions of the record and failed to base the adverse credibility determination on the record as a whole, the adverse credibility determination is not supported by substantial evidence. *See id.* at 105.

█ Finally, the BIA's dismissal of the appeal on the alternative ground that Minjolla does not possess a well-founded fear because of changed country conditions cannot withstand scrutiny without further fact-finding by the IJ. Although the BIA may consider recent events in reviewing an IJ's findings for clear error, it must remand a case to the IJ if further fact-finding is needed. *See* 8 C.F.R. § 1003.1(d)(3)(iv) ("Except for taking administrative notice of commonly known facts such as current events ... the Board will not engage in factfinding in the course of deciding appeals"); *see also Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 296 (2d Cir.2006). Because Minjolla did not assert a claim based on membership in the Democratic Party ("DP"), the BIA's administrative determination that the DP has risen to power in Albania is insufficient by itself to conclude that Minjolla has not established a well-founded fear of future persecution without further fact-finding. The BIA's well-founded fear analysis is therefore based on country conditions evidence that may not be directly relevant to Minjolla's claim. Thus, this finding is not supported by substantial evidence in the record. As such, remand to the IJ is required.

For the foregoing reasons, the petition for review is GRANTED. Having completed our review, petitioner's pending motion for a stay of removal in this petition is DISMISSED as moot, and his request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).